UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION
CIVIL ACTION NO. 4:26-CV-00394-GNS

MAGDALA RODNEY                                                    PETITIONER

v.

JASON WOOSLEY, in his official capacity as
Jailer/Warden of Grayson County Jail;
SAMUEL OLSON, in his official capacity as
Field Office Director of the Chicago Field Office of
Enforcement and Removal Operations,
U.S. Immigration and Customs Enforcement;
DAVID VENTURELLA, in his official capacity as
Acting Director, U.S. Immigration and Customs Enforcement;
MARKWAYNE MULLIN, in his official capacity as
Secretary of U.S. Department of Homeland Security; and
TODD BLANCHE, in his official capacity as
Acting Attorney General of the U.S.                               RESPONDENTS

**<u>ORDER</u>**

This matter is before the Court on the Petitioner's Petition for Writ of Habeas Corpus

(DN 1).

In October 2024, Petitioner Magdala Rodney ("Rodney"), a native and citizen of Haiti,

entered the United States requesting asylum.  (Pet. ¶ 1, DN 1; Resp'ts' Resp. Show Cause Order

Ex. 1, at 1-2, DN 7-1).  She was issued a Notice to Appear and paroled into the United States for

a period of two years pending 240 hearings.  (Resp'ts' Resp. Show Cause Order Ex. 2, at 1-4,

DN 7-2; Resp'ts' Resp. Show Cause Order Ex. 1, at 3).

On June 2, 2026, the Indiana State Police ("ISP") assisted local law enforcement with a

traffic stop of a vehicle in which Rodney was a passenger.  (Resp'ts' Resp. Show Cause Order

Ex. 4, at 1-2, DN 7-4).  After the ISP contacted the Enforcement and Removal Operations

("ERO"), a division of Immigration and Customs Enforcement ("ICE"), a Warrant for Arrest of

1

Alien was issued by ERO for her.  (Resp'ts' Resp. Show Cause Order Ex. 4, at 2; Resp'ts' Resp. Show Cause Order Ex. 5, at 1, DN 7-5).  She is currently detained at the Grayson County Detention Center.  (Pet. ¶ 24).

Rodney filed the Petition for Writ of Habeas Corpus against Respondents:  Jason Woosley, Jailer of Grayson County; Samuel Olson, Field Office Director of the Chicago Field Office of ICE; Todd M. Lyons, Acting Director of ICE; Markwayne Mullin, Secretary of the Department of Homeland Security; and Todd Blanche, Acting Attorney General of the United States.  (Pet. ¶¶ 25-29).  In the Petition, she challenges her continued detention and alleges violations of the Immigration and Nationality Act and its regulations, and her due process rights under the Fifth Amendment.  (Pet. ¶¶ 47-61).

A writ of habeas corpus "may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions."  28 U.S.C. § 2241(a). Section 2241 "is an affirmative grant of power to federal courts to issue writs of habeas corpus to prisoners being held 'in violation of the Constitution or laws or treaties of the United States.'" *Rice v. White*, 660 F.3d 242, 249 (6th Cir. 2011) (quoting 28 U.S.C. § 2241(c)).  In seeking habeas relief, Rodney bears the burden of proving by a preponderance of the evidence that her detention is unlawful.  *See Freeman v. Pullen*, 658 F. Supp. 3d 53, 58 (D. Conn. 2023); *Lallave v. Martinez*, 609 F. Supp. 3d 164, 171 (E.D.N.Y. 2022).

On May 11, 2026, the Sixth Circuit decided *Lopez-Campos v. Raycraft*, 175 F.4th 713 (6th Cir. 2026), holding:

> We [] find that an "applicant for admission" is not necessarily "seeking admission."  Because no Petitioner is alleged to be seeking admission or lawful entry into the United States, § 1225(b)(2)(A)'s mandatory detention scheme does not apply to them.  And since "§ 1226 applies to aliens already present in the United States" and "creates a default rule for those aliens by permitting—but not requiring—the Attorney General to issue warrants for their arrest and detention

2

pending removal proceedings," Petitioners could have been detained pursuant to only § 1226.

*Id.* at 732 (citing *Jennings v. Rodriguez*, 583 U.S. 281, 303 (2018)).  Therefore, Section 1226(a) applies to Rodney.

The record, however, does not reflect that Rodney has exhausted her administrative remedies even though her arrest and detention occurred after *Lopez-Campos*, and Respondents concede that 8 U.S.C. § 1226(a) applies to her.  The Sixth Circuit has not yet decided "whether courts should impose administrative exhaustion in the context of a noncitizen's habeas petition for unlawful mandatory detention."  *Pizarro Reyes v. Raycraft*, No. 25-CV-12546, 2025 WL 2609425, at *3 (E.D. Mich. Sep. 9, 2025) (citing *Hernandez Torrealba v. U.S. Dep't of Homeland Sec.*, No. 1:25-cv-1621, 2025 WL 2444114, at *8 (N.D. Ohio Aug. 25, 2025)).  Likewise, "[t]he Sixth Circuit has not formally adopted a standard for determining when prudential exhaustion applies."  *Lopez-Campos v. Raycraft*, 797 F. Supp. 771, 778 (E.D. Mich. 2025).  However, to determine whether prudential exhaustion should be required, courts within this circuit "have applied the three-factor test, set forth in *United States v. California Care Corp.*, 709 F.2d 1241, 1248 (9th Cir. 1983) (derived from *McGee v. United States*, 402 U.S. 479, 484 (1971); *McKart v. United States*, 395 U.S. 185, 193-95 (1969))."  *Id.*  Prudential exhaustion may be required when:

> (1)    agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision;
> (2)    relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and
> (3)    administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review.

*Id.* (citing *Shweika v. Dep't of Homeland Sec.*, No. 1:06-CV-11781, 2015 WL 6541689, at *12 (E.D. Mich. Oct. 29, 2015)).

Since the decision in *Lopez-Campos*, Respondents have indicated their commitment to apply that law.  There is nothing to suggest that administrative review of the controlling legal question of whether Rodney is entitled to bond would not result in an agency decision consistent with the law.  Therefore, exhaustion is not futile in this case, and Rodney must exhaust her administrative remedies by seeking a custody redetermination hearing before an immigration judge.

Accordingly, **IT IS HEREBY ORDERED** as that the Petition for Writ of Habeas Corpus (DN 1) is **DENIED WITHOUT PREJUDICE**.  The Clerk shall strike this matter from the active docket.

**Greg N. Stivers, Judge**
**United States District Court**
July 1, 2026

cc:    counsel of record